UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES B. SPROLES                                          CIVIL ACTION

VERSUS

MURPHY OIL USA, INC., AND                        NO.: 15-00475-BAJ-RLB
LIBERTY MUTUAL FIRE
INSURANCE COMPANY

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 13)** filed by

Defendants Murphy Oil USA, Inc. ("Murphy"), and Liberty Mutual Fire Insurance

Company.  Defendants seek summary judgment on the claims asserted by Plaintiff

Charles B. Sproles, which relate to the injuries Plaintiff allegedly incurred as a result

of his slipping and falling at a gas station owned by Murphy.  Plaintiff filed a

memorandum in opposition to the Motion, (*see* Doc. 20), and Defendants filed a reply

to Plaintiff's memorandum in opposition, (*see* Doc. 22).  The Court has jurisdiction

pursuant to 28 U.S.C. §§ 1332, 1441.  Oral argument is not necessary.  For the reasons

explained herein, Defendants' **Motion for Summary Judgment (Doc. 13)** is

**DENIED.**

## I.   BACKGROUND[1]

On July 5, 2014, Plaintiff stopped at a gas station owned by Defendant Murphy in Vidalia, Louisiana.  When Plaintiff arrived at the gas station, he stopped his truck behind the truck of another customer ("customer in the flannel shirt"), who was using the pump to fill both of his truck's fuel tanks.  When the customer in the flannel shirt began to fill his truck's second fuel tank, fuel began to spill from the tailgate of his truck.  The customer utilizing the opposite side of the pump, Cursandra Robinson ("Robinson"), heard what sounded like "water pouring" and smelled the odor of gasoline,[2] which alerted her to the spill.  Robinson then urged the customer in the flannel shirt to enter the gas station's store and to inform an employee about the spill.[3]

Video surveillance shows that the customer in the flannel shirt entered the store at approximately 12:44:27 p.m.  He stood for approximately eight seconds on the left side of the counter where the cashier – Caylin Riley ("Riley") – was helping another customer.  The customer in the flannel shirt thereafter walked to the back of the check-out line and appears to have exchanged words with the customer in the rear of the line before exiting the store at 12:44:57 p.m.[4]  Riley, who was the only

---

[1] The parties agreed on certain undisputed facts contained herein. *Compare* Doc. 13-1 (outlining facts that Defendants assert as undisputed), *with* Doc. 20 at pp. 1-4 (detailing the factual background of the case).  All other facts recounted in this section are derived from the exhibits submitted by the parties and are accompanied by corresponding record citations.

[2] Doc. 20-1, Dep. of Robinson at p. 7, l. 9.

[3] *Id.* at p. 7, ll. 15-16.

[4] *See* Doc. 23, Ex. F.

employee on duty at the time, claims that the customer in the flannel shirt did not inform her of the spill.[5]

The customer in the flannel shirt then returned to his truck and pulled away from the pump at 12:46:16 p.m.  Plaintiff then pulled his truck up to the pump eight seconds later at 12:46:24 p.m.[6]  Upon stepping out of his truck, Plaintiff fell to the ground at 12:46:50 p.m.[7]

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record [–] including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" – or by averring that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks

---

[5] Doc. 13-4, Dep. of Riley at p. 11, ll. 10-12.

[6] *See* Doc. 23, Ex. B.

[7] *See id.*

3

and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   DISCUSSION

Defendants assert that they are entitled to summary judgment as a matter of law because (1) the fuel spill did not present an "unreasonable risk of harm" and (2) Defendants did not have "actual or constructive notice" of the spill, both of which Plaintiff must prove in order to prevail under Louisiana Revised Statutes section 9:2800.6. (Doc. 13-2 at p. 8). For the reasons discussed herein, the Court finds that summary judgment is not appropriate.

### A.   UNREASONABLE RISK OF HARM

"In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury . . . the claimant shall have

4

the burden of proving . . . [t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable." La. Rev. Stat. § 9:2800.6. "Under Louisiana law, a defendant generally does not have a duty to protect against an open and obvious hazard." *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238, p. 10 (La. 4/5/13); 113 So. 3d 175, 184. "In order for an alleged hazard to be considered obvious and apparent," the Louisiana Supreme Court "has consistently stated that the hazard should be one that is open and obvious to everyone who may potentially encounter it." *Bufkin v. Felipe's La., LLC*, 2014-0288, p. 7 (La. 10/15/14); 171 So. 3d 851, 856. The Louisiana Supreme Court has described the question of "whether a defect presents an unreasonable risk of harm '[as] a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts.'" *Reed v. Wal-Mart Stores, Inc.*, 97-1174, p. 4 (La. 3/4/98); 708 So. 2d 362, 364 (quoting *Tillman v. Johnson*, 612 So. 2d 70 (La. 1993) (per curiam)). "Thus, whether a defect presents an unreasonable risk of harm is 'a matter wed to the facts' and must be determined in light of facts and circumstances of each particular case." *Broussard*, 2012-1238 at p. 9, 113 So. 3d at 183 (quoting *Dupree v. City of New Orleans*, 99-3651, pp. 13-14 (La. 8/31/00); 765 So. 2d 1002, 1012).

Defendants argue that the fuel spill was "large[,] was of dark coloration in contrast to the light ground," and consumed the pavement along the entire length of the "island on which the pump was situated." (Doc. 13-2 at p. 15). Defendants further aver that because Robinson saw the spill prior to Plaintiff's alleged slipping and falling, the spill was "visibl[e] . . . to all who may have encountered it." (*Id.*) Had Plaintiff simply looked down from his truck before stepping on the pavement,

Defendants assert, he would have observed the spill and would not have attempted to step in it. (*Id.*) Defendants thus allege that the fuel spill was an "open and obvious" hazard and that Defendants therefore did not have a duty to protect Plaintiff against it. (*Id.*)

Determination of the openness and obviousness of a hazard is generally not a proper ground for granting summary judgment due to the fact-intensive nature of the inquiry. *See Reed*, 97-1174 at p. 4; 708 So. 2d at 364. Plaintiff has produced deposition testimony that indicates that the pavement at the gas station was discolored in many areas, (*see* Doc. 20-1, Dep. of Sproles at p. 40, l. 23), which presents a "genuine issue for trial" insofar as the testimony casts into doubt Defendants' assertion that the discoloration from the spill was so distinct from the other areas of discoloration as to render it an "open and obvious [hazard] to everyone who may potentially [have] encounter[ed] it." *Bufkin*, 2014-0288 at p. 7; 171 So. 3d at 856. Thus, summary judgment is not proper on the ground that the spill was open and obvious due to the fact-intensive nature of this determination and the "genuine issue for trial" that the facts present regarding the discoloration of the pavement. *Anderson*, 477 U.S. at 250.

## B.   ACTUAL OR CONSTRUCTIVE NOTICE

Plaintiffs also have the burden of proving that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. Rev. Stat. § 9:2800.6. By statute, a person has "constructive notice" of a condition when "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Id.* "The

presence of an employee in the vicinity in which the condition exists does not, alone, constitute notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.*

Defendants argue that the only employee on duty at the time, Riley, had no actual or constructive notice of the fuel spill at the time Plaintiff allegedly slipped and fell. (*See* Doc. 13-2 at p. 11). Defendants aver that Riley was inside the store at the time of the spill and, when the customer in the flannel shirt entered the store, he did not inform Riley that he had spilled fuel, which Riley testified to in her deposition. (*See id.*) Because Riley neither created nor observed the spill and was not informed by the customer in the flannel shirt of its existence and because the spill occurred very shortly before Plaintiff allegedly slipped and fell, Defendants urge that they are entitled to summary judgment on this issue. (*See id.*)

Surveillance footage shows that the customer in the flannel shirt indeed did enter the store and stand to the left side of the counter as Riley was helping another customer at the cash register. (*See* Doc. 23, Ex. F). Defendants urge the Court to believe and accept the deposition testimony of Riley, who claimed that the customer in the flannel shirt did not alert her to the spill at that time. (*See* Doc. 13-4, Dep. of Riley at p. 11, ll. 10-12). His presence in the store after the spill, in such close proximity to Riley, *itself* presents a "genuine issue for trial" because the finder of fact could reasonably believe that the customer in the flannel shirt informed Riley of the spill during that moment. Therefore, summary judgment is not proper on this issue. *Anderson,* 477 U.S. at 250.

IV.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 13)** is **DENIED**.

Baton Rouge, Louisiana, this 20th day of January, 2017.

_____

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**